UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LAWRENCE H. GRESS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Case No. 20 CV 4405 |
| | ) |
| v. | ) Honorable Judge Alonso |
| | ) |
| COMMONWEALTH EDISON COMPANY, an Illinois corporation; JOHN DOES 1-100, Defendants. | ) |

**PLAINTIFFS' UNOPPOSSED MOTION TO REASSIGN RELATED CASES PURSUANT TO LOCAL RULE 40.4**

Plaintiff, Lawrence H. Gress, by and through his undersigned counsel and pursuant to Local Rule 40.4, respectfully moves this Court for the entry of an Order declaring three cases as "related" and "reassignable," and to request that the Executive Committee reassign to this Court the two cases that are not presently before this Court. In support of this Motion, Plaintiff states as follows:

1. Counsel for Plaintiffs in this matter has conferred with counsel for the Plaintiffs in the other two matters - *Brooks et al. v. Commonwealth Edison, et al.*, No. 20CV4555 (N.D. Ill.) (Judge Johnson Coleman), and *Potter et al. v. Madigan*, *et al.*, No. 20CV4675 (N.D. Ill.) (Judge Ellis) (hereinafter collectively as the "Related Matters") - and Plaintiffs' counsel in those actions *agrees* to, and joins in, this Motion.

2. Counsel for Plaintiffs in this action has also conferred with one of the attorneys for Commonwealth Edison Company ("ComEd") in the present action, who has stated that, although they do not agree with the characterization in the Motion of certain allegations in the various complaints in the Related Matters, ComEd does *not* object and *agrees* to the relief requested by this Motion.

3. By way of background, on July 29, 2020, Plaintiff in the present action, Mr. Gress, on behalf of himself and other similarly situated electricity consumers, filed the present RICO class action against ComEd and 100 John Does, alleging one count of civil RICO violations under 18 U.S.C. §1962(c), and one count of RICO conspiracy under 18 U.S.C. §1962(d). *See* Dkt., at no. 1.

4. On August 3, 2020, Plaintiffs Steven Brooks and David Chavez, on behalf of themselves and other similarly situated electricity consumers, filed a similar RICO class action against ComEd and its parent corporation, Exelon Corporation ("Exelon"), alleging the same RICO counts, in addition to several State law claims. *See* Complaint in *Brooks v. ComEd*, 20CV 04555, Dkt. no. 1, attached hereto as Exhibit 1.

5. On August 10, 2020, Plaintiff Anne Potter and other named Plaintiffs, on behalf of themselves and other similarly situated electricity consumers, filed a RICO class action against ComEd, Exelon, and several individual Defendants, alleging one count of civil racketeering under RICO, and one count of RICO conspiracy. *See Potter et al. v. Madigan et al.*, No. 20CV4675, at Dkt. no. 1, attached hereto as Exhibit 2.

6. All three RICO class actions cases arise from, and relate to, the exact same underlying factual allegations: the bribery scheme and pattern of racketeering conducted by an association-in-fact enterprise, as outlined in ComEd's Deferred Prosecution Agreement with the United States in *United States v. Commonwealth Edison Company*, 20CR368 (N.D. Ill.), Dkt. no. 3. The Plaintiffs in all three RICO class action lawsuits rely heavily on the admissions made and stipulated to by ComEd in that federal criminal matter.

7. Because these three cases involve the very same issues of fact and law, and clearly meet the criteria for reassignment set forth in Northern District Local Rule 40.4, Plaintiffs in all three actions request that this Court reassign the two cases referenced in Paragraphs 4 and 5 above, to the calendar of this Court (Judge Alonso).

8. Under Rule 40.4(c), any party in the lowest number case may bring a relatedness and consolidation motion.

9. Each of the criteria supporting relatedness and reassignment have been met.

10. Per Northern District Local Rule 40.4(a):

Two or more civil cases may be related if one or more of the following conditions are met:

(1) the cases involve the same property;
(2) the cases involve some of the same issues of fact or law;
(3) the cases grow out of the same transaction or occurrence; or
(4) in class action suits, one or more of the classes involved in the cases is or are the same.

11. Here, the three cases meet those conditions.

12. The cases involve all of the very same issues of fact - i.e., those arising out of ComEd's bribery of publicly elected officials, including within the Illinois legislature.

13. The cases involve all of the very same issues of law - i.e., the application of the RICO statute to ComEd's bribery scheme.

14. These cases grow out of the very same transactions and occurrences - i.e., underlying illegal predicate acts.

15. The cases are all class actions, and are expected to involve the very same classes, i.e., ComEd consumers; although there may be certain sub-classes.

16. The two later-filed cases meet the criteria for reassignment.

17. Local Rule 40.4(b) provides that a case may be reassigned to the calendar of another Judge if it is found to meet each of the following criteria:

(1) both cases are pending in this Court;
(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
(4) the cases are susceptible of disposition in a single proceeding.

18. All of those criteria have been met.

19. The two cases to be reassigned are pending in the Northern District.

20. The two cases to be reassigned are at the identical procedural posture as the present case in that no Answer or other responsive pleading has been filed in those cases, and no discovery activity has taken place.

21. Moreover, for the reasons stated above, all of the cases can be disposed of in a single proceeding, particularly in light of the factual and legal overlap.

22. Finally, judicial economy would be best served by having all three cases adjudicated before one Judge.

**WHEREFORE**, Plaintiff, Lawrence H. Gress, by and through his undersigned counsel and pursuant to Local Rule 40.4, respectfully move this Court to declare the other two cases as "related" and "reassignable," and to request the Executive Committee to reassign those two cases that are not presented before this Court, to this Court, and for such other and further relief as is appropriate under the circumstances.

                **Respectfully submitted,**

                By: **/s/ Michael I. Leonard**
                     **Counsel for Plaintiffs**

**LEONARDMEYER LLP**
Michael I. Leonard
Derek J. Meyer
John Bisbikis
Rebeca Chacko
120 North LaSalle, Suite 2000
Chicago, Illinois 60602
(312)380-6559 (phone)
(312)264-9671 (fax)
mleonard@leonardmeyerllp.com
rmeyer@leonardmeyerllp.com
jbisbikis@leonardmeyerllp.com
rchacko@leonardmeyerllp.com

**KENT MAYNARD & ASSOCIATES LLC**
Kent Maynard, Jr.
53 W. Jackson Blvd., Suite 1240
Chicago, Illinois 60604
(312)423-6586 (phone)
Kentmaynard@kentmaynard.com

**KELLER ROHRBACK, LLP**
Derek W. Loeser
Ryan Patrick McDevitt
1201 Third Avenue
Suite 3200
Seattle, Washington 98101-3052
(206)623-1900 (phone)
dloeser@kellerrohrback.com
rmcdevitt@kellerrohrback.com

**KELLER ROHRBACK, LLP**
Gary A. Gotto
3101 N. Central Avenue
Phoenix Arizona 85012
(602)248-0088 (phone)
ggotto@kellerrohrback.com

## CERTIFICATE OF SERVICE

    The undersigned states that, on August 19, 2020, he caused the above to be filed and served upon all parties of record by way of this Court's ECF filing system, and by way of e-mail to all counsel of record in the Related Cases.

**RESPECTFULLY SUBMITTED,**

    **By:**    s/Michael I. Leonard
             **Counsel for Plaintiffs**